MEMORANDUM *
Defendant-Appellant Steven Landers (“Landers”) was convicted, after a bench trial, of manufacturing with intent to possess and distribute 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Landers now appeals the *185 district court’s denial of his motions to suppress. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
The district court did not err in finding the power company’s inspection did not implicate Landers’s Fourth Amendment rights because Landers did not meet his burden to show government action. See United States v. Cleaveland, 38 F.3d 1092, 1093 (9th Cir.1995). The power company was furthering its own interests with a legitimate, independent motivation of investigating a possible power theft. See id. at 1094. There was no obvious violation of the law requiring the officers’ intervention. See United States v. Reed, 15 F.3d 928, 931 (9th Cir.1994).
The district court did not err in denying Landers a Franks hearing because the court properly found that Landers failed to make a substantial preliminary showing that any allegedly false statements were made knowingly and intentionally, or with reckless disregard for the truth; and that they were necessary to a finding of probable cause. See United States v. Craighead, 539 F.3d 1073, 1080 (9th Cir.2008), citing Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.